IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| XENOS, INC., a Nebraska corporation; and OTTILIA CHAPMAN, an individual; <br><br>     Plaintiffs, <br><br>     vs. <br><br> TILLY'S, INC., a Delaware corporation; <br><br>     Defendant. | **8:13CV202** <br><br> **MEMORANDUM AND ORDER** |

Pending before me is the plaintiffs' motion to amend their complaint to add a defendant, World of Tops and Jeans, Inc., ("WOTJ"). (Filing No. 17). Defendant Tilly's, Inc. opposes the motion. For the reasons stated below, the motion to amend will be denied.

BACKGROUND

The procedural history of this case is unique. The plaintiffs' complaint alleges Plaintiffs have operated a clothing business using the name "Tilly" in Omaha since 1990, and in 2013, Defendant Tilly's opened a clothing business operating under the name "Tilly's" within a mile of Plaintiffs' store. Plaintiffs' complaint seeks an order enjoining Defendant Tilly's from using Plaintiffs' trade name and mark. (Filing No. 1-1).

In its answer to the complaint and the Rule 26(f) Report, and during a conference call with the undersigned magistrate judge, defense counsel notified Plaintiffs' counsel that Tilly's is not the proper defendant; that WOJT, a wholly owned subsidiary of Defendant Tilly's operates the Tilly's business in Omaha, Nebraska. Defendant Tilly's stated it is willing to permit the plaintiffs to amend their complaint to substitute WOJT for Tilly's as the named defendant.

Rather than move to substitute the defendant, the plaintiffs have moved to add WOJT as a named defendant. Plaintiffs' proposed amended complaint alleges WOJT and Tilly's, Inc. operate the Tilly's clothing business as a "joint enterprise." There are no factual allegations within the proposed complaint to explain or support the joint enterprise allegation.

The defendant opposes Plaintiffs' motion, arguing that allowing the plaintiffs to file their amended complaint would be futile. Specifically, the defendant claims the proposed complaint still names a wrong defendant, Tilly's, Inc., and it therefore cannot withstand a Rule 12(b)(6) motion to dismiss. Tilly's Inc. has submitted evidence in support of that argument, all of which indicates Tilly's Inc. has not done business in this state.

The plaintiffs object to the court considering the defendant's evidence. The plaintiffs argue "Tilly's, Inc. is attempting to obtain a judgment on the pleadings before the pleading has been filed. Its real assertion here is in the nature of a summary judgment and at this time is not filed in accordance with Fed. R. Civ. P. 56 and Local Rule 56.1." (Filing No. 23).

LEGAL ANALYSIS

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). But there is no absolute right to amend a pleading. Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003). The court will deny a motion for leave to amend as futile if the

plaintiffs' proposed complaint fails to state a claim under the pleading standard described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), rendering the complaint subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010).

A complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When assessing whether a plausible claim was alleged, the court considers only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint." Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012). The plaintiff need not submit documentary evidence to withstand a Rule 12(b)(6) analysis. The court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of Iqbal and Twombly." Whitney, 700 F.3d at 1128-29. The question at this preliminary stage is not whether the plaintiffs might be able to prove their claim, but whether they have "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. Whitney, 700 F.3d at 1128-29.

The evidence submitted by Defendant Tilly's includes the affidavit of the Senior Vice President and Chief Financial Officer of Tilly's, Inc., Defendant Tilly's 10-K filing with the SEC, copies of its registered service marks, and pre-litigation settlement communications between counsel for the parties. The court is not convinced that these documents are "embraced by the pleadings," and they were not attached to the complaint. See Mindlab Media, LLC. v. LWRC Intern. LLC, 2012 WL 386695, 3 (C.D. Cal. 2012) (explaining the court may "consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201," but absent converting a Rule 12(b)(6) motion into summary judgment motion, a court cannot

3

consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials)" when determining if a complaint states a claim).

The court will therefore consider only the allegations in the plaintiffs' proposed complaint to decide whether the plaintiffs' motion should be granted. In that proposed complaint, the plaintiffs allege Tilly's Inc. and WOJT are engaged in a joint enterprise to operate a retail clothing business in Omaha, Nebraska under the name "Tilly's." Absent the "joint venture" allegation and the paragraph identifying WOJT as an additional defendant, the original and proposed amended complaint are nearly identical.

Under Nebraska law, the elements essential to prove a joint enterprise include: 1) an agreement, express or implied, among the members; 2) a common purpose to be accomplished; 3) a community of pecuniary interest in that purpose, among the members; and 4) an equal right to a voice in the direction of the enterprise, which provides an equal right of control. Winslow v. Hammer, 247 Neb. 418, 424-425 (1995). "A joint venture or enterprise is in the nature of a partnership and exists when two or more persons contribute cash, labor, or property to a common fund with the intention of entering into some business or transaction for the purpose of making a profit to be shared in proportion to the respective contributions." Lackman v. Rousselle, 257 Neb. 87, 98, 596 N.W.2d 15, 23 (1999). The issue of whether a joint enterprise exists is a question of fact; it cannot arise by operation of law. Id.

The plaintiffs' proposed complaint alleges:

World of Jeans and Tops, Inc. conducts a joint enterprise with Defendant, Tilly's, Inc., and is in the business of retail sales of clothing, including women's clothing, shoes and accessories using the name, "Tilly's."

(Filing No. 17). The complaint does not allege a plausible claim that Tilly's and WOJT were engaged in a joint venture. The mere conclusory allegation that a joint venture existed is insufficient under the pleading standards of Iqbal and Twombly. Pureworks,

Inc. v. Brady Corp., 2010 WL 3724229, 10 (M.D. Tenn. 2010) (holding factual allegations that defendants, a corporation and its wholly-owned subsidiary, engaged in a joint venture which violated plaintiff's trademark failed to state an alter ego or joint enterprise claim).  See also, Imageline, Inc. v. CafePress.com, Inc., 2011 WL 1322525, 4 (C.D. Cal. 2011) (holding plaintiff's allegations that each defendant was the "agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all times . . . acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture," were "nothing more than legal conclusions of the type prohibited by Iqbal and Twombly."); Chambers v. Ashley Furniture Industries, Inc., 2010 WL 4977102, 3 (W.D.N.C. 2010) (holding Plaintiff's bare allegation that the defendants were members of an integrated enterprise or the joint employer of the plaintiff were insufficient under the Twombly pleading standards); F.D.I.C. v. LSI Appraisal, LLC, 2011 WL 5223061, 8 -9  (C.D. Cal. 2011) ("Plaintiff's claim of 'joint venture'. . . failed to sufficiently allege that a joint venture existed between [the defendants.]. . . . [M]ere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief."); Leber v. Berkley Vacation Resorts, Inc., 2009 WL 2252517, 4 (D. Nev. 2009) (conclusory allegation that the defendants engaged in a joint enterprise or partnership was insufficient to withstand a Rule 12(b) motion).

Reading the complaint as a whole, the plaintiffs are alleging the use of the name "Tilly's" is attributable to both Tilly's, Inc. and WJOT solely on the basis of the "joint venture" allegation.  This legal conclusion is insufficient, must be disregarded, and renders the proposed complaint impermissibly vague and subject to dismissal for failure to state a claim.  The plaintiffs' motion for leave to amend will therefore be denied.

The plaintiffs may stand on their current complaint.  But they may wish to file an amended complaint alleging facts supporting their joint venture claim, or to otherwise

allege a claim against WJOT. The court will afford the plaintiffs another opportunity to move to amend, but will impose a motion deadline so the case can progress with certainty as to the identity of the defendants and the claims alleged.

Accordingly,

IT IS ORDERED:

1) The plaintiffs' motion to amend, (Filing No. 17), is denied.

2) Any motion to amend the plaintiffs' complaint shall be filed on or before October 21, 2013. Absent a timely filed motion to amend, this case will proceed on the plaintiffs' current complaint of record.

October 7, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.