IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| XENOS, INC., a Nebraska corporation and OTTILIA CHAPMAN, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>TILLY'S, INC., a Delaware corporation, and WORLD OF JEANS & TOPS, a California corporation,<br><br>    Defendants. | Case No. 8:13-cv-202<br><br><br><br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION AND DOCUMENTS** |

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

WHEREAS, this action involves the alleged intellectual property interests of plaintiff Xenos, Inc., plaintiff Ottilia Chapman, defendant Tilly's, Inc., and defendant World of Jeans & Tops (collectively, the Parties");

WHEREAS, discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

   A.   Confidential and non-public business models and plans;

   B.   Confidential and non-public documents concerning customers and potential customers;

   C.   Confidential and non-public financial records; and

   D.   Confidential and private information concerning individuals who are not parties to this action.

WHEREAS the Parties believe that unrestricted disclosure or dissemination of such information could cause them injury, and desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination;

NOW, THEREFORE IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record and pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and 29, that discovery in this case of confidential information shall be had on the following terms and conditions:

1. During the course of this litigation, all documents and information that a party considers to contain or to constitute confidential, trade secrets, proprietary and/or financial information including but not limited to: (a) customer names, contact information, and terms of service; (b) sales records, and/or sales prices; (c) pending sales opportunities for customers; (d) vendor names, purchase records, and purchase pricing information; (e) the identity and contact information for individuals currently employed by any of the Parties; (f) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (g) any other oral, written, or recorded material which consists of or contains trade secrets or other confidential research, development, or commercial information or information subject to a claim of right to privacy and that has been designated by the producing party as confidential by stamping or writing "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" on the face of the document, or alternatively, on the portion thereof containing the confidential information, shall be handled in accordance with this Protective Order.

2. Any designating party shall have the right to designate as "CONFIDENTIAL" any information and/or document that discloses confidential information as set forth above in paragraph 1. Material properly designated as

"CONFIDENTIAL" includes, but is not limited to, confidential research, development, technical, manufacturing or commercial information, as well as other such information to which the receiving party would not have access but for this litigation.   Any designating party shall also have the right to designate as "CONFIDENTIAL- OUTSIDE COUNSEL ONLY" information and/or documents that constitute or disclose extremely sensitive confidential information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of qualified recipients as specified herein.  "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material includes, but is not limited to: (a) trade secrets; (b) product designs;  or (c) highly sensitive financial information, business plans and/or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations.

       3.    In the case of documents or information produced by third parties, any third party hereto shall also have the right to designate said information and/or documents as being "CONFIDENTIAL" or "CONFIDENTIAL- OUTSIDE COUNSEL ONLY," as necessary, in the event said information and/or documents contain confidential, proprietary and/or trade secret information of such third party as set forth in Paragraph 2 of this Order.

       4.    A designation of "CONFIDENTIAL" or "CONFIDENTIAL- OUTSIDE COUNSEL ONLY" pursuant to this Protective Order shall not be construed as a concession by any party that such information is relevant or material to any issue, or is in fact confidential, proprietary or a trade secret.

       5.    CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information shall be held in confidence by each person to whom it is disclosed, shall be

used only for purposes of this action, shall not be used for any other business purpose, and shall not be disclosed to any person who is not a qualified recipient.

6. With respect to information and/or documents designated as "CONFIDENTIAL," "qualified recipient" shall mean:

- A) The Court and those employed by the Court, and court reporters and those employed by court reporters to transcribe, record or videotape testimony in this litigation;
- B) The parties to this case, including officers, in-house counsel, employees and/or directors of the receiving party responsible for handling and/or directly participating in the prosecution and defense of this litigation on behalf of the receiving party.
- C) The outside attorneys of the receiving party in connection with this action.
- D) Members of the paralegal, secretarial and clerical staff (including short hand reporters) employed by the receiving party or its outside attorneys.
- E) Members of the data entry and data processing staff employed by the receiving party's outside attorneys in assisting in the development and/or the data retrieval systems in connection with the action.
- F) The expert witnesses or consultants, if any, employed by the receiving party and/or its outside attorneys for the assistance in this action.

7. With respect to information and/or documents designated as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY," "qualified recipient" shall mean:

A) The Court and those employed by the Court, and court reporters and those employed by court reporters to transcribe, record or videotape testimony in this litigation;

B) The outside attorneys of the receiving party in connection with this action.

C) Members of the paralegal, secretarial and clerical staff (including short hand reporters) employed by the receiving party's outside attorneys.

D) Members of the data entry and data processing staff employed by the receiving party's outside attorneys in assisting in the development and/or the data retrieval systems in connection with the action.

E) The outside independent expert witnesses or consultants, if any, retained by the receiving party and/or its outside attorneys for the assistance in this action.

8. All qualified recipients specified in Paragraph 6 (B) through (E) and 7 (B) through (E) shall, before any CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information or documents are disclosed to them, be advised of the provisions of the Protective Order by disclosing counsel and such persons must agree to be bound by the terms hereof and maintain said information or documents in confidence, and not disclose said information or documents to anyone other than in accordance with the terms of this Protective Order.  Any qualified recipients specified in Paragraph 6 (F) and Paragraph 7 (E) shall be required to sign the certificate of

confidentiality attached as Exhibit "A" hereto prior to receiving any confidential information or documents subject to this Protective Order. Copies of executed certificates of confidentiality shall be maintained by each party. In the event of a dispute regarding disclosure of CONFIDENTIAL or "CONFIDENTIAL- OUTSIDE COUNSEL ONLY" information, copies of the certificates shall be provided to opposing parties' counsel upon request.

9. In the case of depositions, the provisions of this Order may be invoked by (a) declaring on the record at the deposition that the information that is disclosed is CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY, with instructions that those portions of the transcript containing such information be separately bound, or (b) designating specific pages as CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY and serving such designations within 30 days of receipt of the transcript of the deposition in which the designations are made.

10. CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts and digests of CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information for use in connection with this action, and such working copies, abstracts and digests of CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information shall be deemed CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information into machine readable form for incorporation in a data

retrieval system used in connection with this action, provided such converted or translated information shall be considered CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY and that access to CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY information in whatever form stored or reproduced, shall be limited to qualified recipients.

11.     By entering into this Stipulation, the receiving parties do not concede that the marking of any document as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" by the producing parties causes that document or the information contained in that document to become confidential trade secrets, proprietary and/or financial information.  The receiving party reserves its/his right to move the Court with appropriate notice to remove the "CONFIDENTIAL" or " CONFIDENTIAL-OUTSIDE COUNSEL ONLY" designation from any information or documents designated by the producing parties.  In such case, designating party shall bear the burden of proving that the designation is justified.  The parties shall meet and confer in good faith prior to the filing of any motion to de-designate any material designated as "CONFIDENTIAL" or " CONFIDENTIAL-OUTSIDE COUNSEL ONLY."

12.     The restrictions and obligations relating to documents and information protected by this Protective Order shall not apply (a) to any such document or information which both parties agree, or which the Court rules is already public knowledge or becomes public knowledge other than as a result of disclosure by the receiving party, or (b) to any document or information as to which receiving party demonstrates that it had prior knowledge independently of the producing party.

13.     Any inadvertent production of documents containing privileged information shall not constitute a waiver of the attorney-client privilege, work product

doctrine or any other applicable privilege or doctrine. All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. Upon request by the producing party for return of any such documents designated as within the attorney-client, privilege, work product doctrine, or any other applicable privilege or doctrine, the receiving party immediately shall return to the producing party all copies of such documents. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine designation by filing an appropriate motion with the court.

14. If any party inadvertently fails to designate a document or information as CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY, that party may subsequently do so in writing and that material shall be deemed CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY from the date of such designation. Upon receiving such notice, all receiving parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Stipulated Protective Order

15. Prior to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with material designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY at trial.

16. Upon final termination of this action, including all appeals, and upon request of the producing party made not later than ninety days after final termination of this action, each party shall return all materials produced and designated as CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY to the producing

party or shall certify the destruction of such materials, in whatever form stored or reproduced, including all working copies, abstracts and digests thereof.  The attorneys representing each party in this action shall be entitled to retain file copies, in whatever form stored or reproduced, including all other materials including, but not limited to, court filings, discovery responses and documents, deposition and court transcripts, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL ONLY information.  Any such materials which are not returned or destroyed shall remain subject to this Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

      17.    The Court can modify this Order in the interest of justice or for good cause shown.

      18.    Good cause exists for this Order.  This action involves the alleged intellectual property interests of the Parties, and discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

      A)    Confidential and non-public business models and plans;
      B)    Confidential and non-public documents concerning customers and potential customers;
      C)    Confidential and non-public financial records; and
      D)    Confidential and private information individuals who are not parties to this litigation.

Pursuant to FED. R. CIV. P. 26(c)(1)(G), good cause therefore exists for entry of this Order because the Parties to this action (a) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (b) believe that unrestricted disclosure or dissemination of such information could cause them some business or commercial injury, (c) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (d) have agreed to such means as set forth herein.

IT IS SO STIPULATED.

Respectfully submitted,

Dated this 1st day April, 2014.

TILLY'S, INC., a Delaware corporation, and WORLD OF JEANS & TOPS, a California corporation, Defendants,

By: ___/s/Carlo F. Van den Bosch_____
Carlo F. Van den Bosch, admitted *pro hac vice*
Gazal J. Pour-Moezzi, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993

Daniel J. Fischer, #22272
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street Suite 800
Omaha, NE 68124-1079
(402) 390 9500
(402) 390 9005 (facsimile)
Dan.Fischer@koleyjessen.com

Attorneys for Defendants.

Dated this 1st day of April, 2014.

        XENOS, INC., a Nebraska corporation, and
        OTTILIA CHAPMAN, an individual, Plaintiffs,

        By: _____/s/Larry E. Welch, Sr._____

        Larry E. Welch, Sr., #14449
        Damien J. Wright, #23256
        WELCH LAW FIRM, P.C.
        1299 Farnam Street, Suite 1220
        Omaha, NE 68102
        (402) 341-1200
        (402) 341-1515 (facsimile)
        larrysr@welchlawfirm.com
        Damien@welchlawfirm.com

        Attorneys for Plaintiffs.

**IT IS SO ORDERED.**

Dated:  April 1, 2014        s/ Cheryl R. Zwart_____

        United States Magistrate Judge

**EXHIBIT A**
**CERTIFICATE OF CONFIDENTIALITY**

I, _____, hereby declare the following:

1. My address is _____. My telephone number is (_____) _____ - _____.

2. I have read and I understand the Stipulated Protective Order re Confidential Information ("Protective Order"), entered in this action, and I agree to be bound by its terms.

3. I understand that this Protective Order requires me not to disclose any information designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, which is provided to me in the course of my involvement in this litigation to any person not authorized by this Protective Order to receive such information.

4. I agree that I shall return all documents containing any information designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, which have been provided to me, together with any work product including such information designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, upon demand by the Court or the counsel or party who furnished such information to me.

5. In addition, I consent to the jurisdiction of the United States District Court for the District of Nebraska, with respect to any actions of any kind whatsoever

-13-

relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

I declare under penalty of perjury under the laws of the State of _____ and the United States of America that the foregoing is true and correct.

Executed on _____ \_\_\_, 2014 at _____ (city), _____(state).

(signature) _____

(printed name) _____