IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| XENOS, INC., a Nebraska corporation; and OTTILIA CHAPMAN, an individual;<br><br>    Plaintiffs,<br><br>  vs.<br><br>TILLY'S, INC., a Delaware corporation; and WORLD OF JEANS AND TOPS, INC., a California corporation;<br><br>    Defendants. | 8:13CV202<br><br>MEMORANDUM AND ORDER |

  This is an action based on an alleged violation of the Nebraska Deceptive Trade Practices Act. Plaintiffs operate a store in Omaha under the "Tilly's" name. Defendants, or one of them, recently opened a store in Omaha under the same name.

  Plaintiffs have moved to compel production of documents from the defendants. (Filing No. 57). After conferring with the parties, the plaintiffs' requests, the defendants' responses, and the court's rulings are as follows:

**REQUEST NO. 2: Produce all communications, memos, reports or other documents concerning use of the name "Tilly's", or any derivative, in the Omaha, Nebraska market. (If any communications or reports are in electronic format, they shall be produced in "hard printed copy").**

  The plaintiffs argue:

> Plaintiffs did not ask for "any and all" documents concerning the Omaha Tilly's store, but only those documents "concerning the use of the name "Tilly's" in the Omaha, Nebraska Market." The Defendants' infringing use of the name is at the heart of Plaintiffs' claims for trade name infringement, dilution and violation of the Nebraska Deceptive Trade Practices Act. Since the Defendants' store in Omaha has been operating for only a year, the request is sufficiently narrowed at to time.

The defendants argue:

> Plaintiffs' request is grossly overbroad and incomprehensible because it seeks an undefined universe of documents. The defendants operate under the TILLY'S® name, so every document "concerning" the existence of the Omaha TILLY'S® store would include all documents related to the store's financials, construction, design, management, personnel, insurance, etc. The breadth of the request includes documents that are irrelevant to Plaintiffs' claims in this trademark infringement action.  Moreover, the defendants have provided the information the plaintiff needs in response to other requests.

**Ruling:**  As written, the plaintiffs' request is overbroad.  After conferring with the parties, and with their agreement, the request is narrowed as a request for:

> All documents reflecting who was involved, what was said, when it was said, and how the decision was made to investigate, or to not investigate, the use the Tilly's name in the Omaha, Nebraska market before the defendants opened a store under the Tilly's name in that market, and any documents reflecting the results of any such investigation conducted by the defendants.

**REQUEST NO. 11: Produce a copy of all reports showing sales at the Westroads store by product line or category (e.g., women's clothing, men's clothing, accessories, etc.) from the date of opening the store to the present.**

The plaintiffs argue:

> The information in the sales reports by product line or category is relevant to Plaintiffs' claims because the reports will reflect sales volume across Defendants' different product lines and allow Plaintiffs to determine the percentage of Defendants' volume derived from the sale of women's clothing and accessories. The Plaintiffs believe this information is relevant to Plaintiffs' claim that Defendants are engaging in deceptive trade practices which will likely cause customer confusion regarding the source of Plaintiffs' goods and services.

The defendants argue:

> The request, as written, encompasses the dollar value of the defendants sales, and since the Plaintiffs' own pleadings and discovery responses do not seek monetary damages, the sales numbers are irrelevant.

**Ruling:**  As written, the plaintiff's request is overbroad.  After conferring with the parties, and with their agreement, the request is narrowed to request:

> Any reports generated in the ordinary course of either defendant's business reflecting the percentage of sales by volume (not to include financial data) of male clothing and accessories compared to female clothing and accessories at the Tilly's store owned and operated by the defendants, or either of them, in Omaha, Nebraska.

**REQUEST NO. 15: Produce all minutes of the Board of directors of Defendant concerning opening a store in Omaha, Nebraska.**

The plaintiffs argue:

> This information is relevant to Plaintiffs claims and defenses because it will likely disclose whether Defendants:  1) conducted a trade name search before opening a store in the Omaha market, and 2) knew of Plaintiffs' business before they entered the Omaha market.  Defendants' store in Omaha has only been operating for a year, so Plaintiffs' request is limited as to time.

The defendants argue:

> Defendants should not be required to comply with such a sweeping discovery request.  The request seeks information well beyond WOJT's use of the TILLY'S® mark, and as such, seeks information that is irrelevant to any claim or defense in this action.  Corporate boards direct and advise companies on virtually all operational matters.  Plaintiffs should not be allowed to receive irrelevant and competitively sensitive information through discovery.

**Ruling:**  As written, the plaintiffs' request is overbroad.  After conferring with the parties, the request is narrowed as requesting:

> For each defendant, any board minutes mentioning:
>
> a)    A defendant's or the defendants' investigation, or the absence of any investigation, on the use of the Tilly's name in the Omaha, Nebraska market before the defendants, or either of them, opened a store under the Tilly's name in that market; and
>
> b)    Any discussions or communications between the defendants, or by the board of Defendant Tillys and mentioning World of Jeans and Tops, or

by the board of Defendant World of Jeans and Tops and mentioning Defendant Tillys, regarding opening a store under the Tilly's name in the Omaha, Nebraska market.

The court further finds that Defendants' objections to the discovery before the court on Plaintiffs motion to compel were not unreasonable.  The plaintiffs' request for recovery of attorney fees and costs is denied.

Accordingly,

IT IS ORDERED:

1) The plaintiff's motion to compel, (Filing No. 57), is granted in part and denied in part as set forth in this order.

2) The defendants shall serve full and complete responses to the plaintiffs' discovery requests, as narrowed and re-crafted in this memorandum and order, on or before July 14, 2014.

June 12, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge